# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHERRY MCDANIEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:15-cv-03087-MDH** |
| | ) | |
| **KRAFT FOODS GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 12). Plaintiff filed a form Title VII Complaint against her former employer alleging sexual harassment (hostile work environment) and discrimination based on race, color, and sex. Defendant moves to dismiss Plaintiff's Title VII claims as untimely. The Court agrees that Plaintiff's claims are untimely and should be dismissed.

## BACKGROUND[1]

The alleged unfair employment practices at issue in this case occurred on or about September 17, 2010. Shortly after the alleged harassment and discrimination took place, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR). The MCHR chose not to proceed with Plaintiff's claims and issued Plaintiff a right-to-sue letter dated April 26, 2011. The EEOC adopted the findings of the MCHR and similarly issued Plaintiff a right-to-sue letter dated June 17, 2011.

---

[1] The Court has considered the allegations in Plaintiff's complaint along public court records from the previously-filed cases and the documents attached to Plaintiff's suggestion in opposition that are non-contradictory and necessarily embraced by the pleadings (e.g. right-to-sue letters and MCHR charge of discrimination). *See Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) ("When ruling on a motion to dismiss under Rules 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings. It may, however, consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." (internal citations and quotations omitted)).

Plaintiff filed suit in federal court on September 12, 2011, asserting Title VII claims for sexual harassment and discrimination (6:11-cv-03342-MJW). Plaintiff failed to obtain service of process and Judge Whitworth dismissed Plaintiff's claims without prejudice on May 1, 2012. Plaintiff filed a second lawsuit on May 1, 2013 concerning the same events (6:13-cv-03181-GAF). That case was terminated on May 29, 2013 when Judge Fenner denied Plaintiff's motion for leave to proceed in forma pauperis and denied her motion to reconsider the same. Plaintiff has now filed a third action regarding the allegedly unfair employment practices that occurred on or about September 17, 2010. The present suit was commenced on February 26, 2015.

## ANALYSIS

A plaintiff seeking to pursue claims under Title VII must file his/her claims within 90 days after receiving the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). Failure to comply with this 90-day deadline warrants dismissal. *See, e.g., Young v. Waynesville R-VI Sch. Dist.*, No. 6:12-CV-03443-BCW, 2013 WL 209125, at *1 (W.D. Mo. Jan. 17, 2013) *aff'd*, 524 F. App'x 313 (8th Cir. 2013); *Black v. Sam's Club*, No. 05-1175-CV-FJG, 2006 WL 1594474, at *2 (W.D. Mo. June 7, 2006); *see generally Frazier v. Vilsack*, 419 F. App'x 686, 689-90 (8th Cir. 2011) ("An employee who fails to bring a complaint in federal court following receipt of a right to sue letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge[.]"). Plaintiff commenced this action on February 26, 2015, which is far more than 90 days after issuance of the EEOC's right-to-sue letter. Therefore, Plaintiff's claims brought pursuant to Title VII are time-barred. *See generally Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. . . . '[i]n the long run, experience teaches that strict

2

adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'").

Although Plaintiff filed two prior lawsuits concerning the same allegations of harassment and discrimination at issue in this lawsuit – one of which was filed within 90 days of Plaintiff's receipt of the EEOC's right to sue letter – the filing of those lawsuits did not toll the 90-day time period under § 2000e-5(f)(1). *See Young v. Waynesville R-VI Sch. Dist.*, No. 6:12-CV-03443-BCW, 2013 WL 209125, at *1 (W.D. Mo. Jan. 17, 2013) *aff'd*, 524 F. App'x 313 (8th Cir. 2013) ("The fact this matter is a re-filed lawsuit is irrelevant because the 90–day statute of limitations is not 'tolled by the filing and pendency of a case previously dismissed without prejudice.'"); *see also Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995) ("A dismissal without prejudice does not toll a statute of limitation. Indeed, its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." (internal citations omitted)).

Moreover, Plaintiff makes no argument that the 90-day time period should be equitably tolled and the Court finds no basis to equitably toll the statute of limitations. Mere pro se status does not warrant equitable tolling, *see Howard v. Boatmen's Nat. Bank of St. Louis*, 230 F.3d 1363 (8th Cir. 2000), and "[c]ourts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Here, Plaintiff failed to timely serve the Defendant(s) in her first suit, she waited one year to initiate her second suit, and she delayed another year and a half before commencing the present suit. This is not a situation where the Plaintiff "acted with utmost

3

diligence only to find [herself] caught up in an arcane procedural snare." *Warren v. Dep't of Army*, 867 F.2d 1156, 1160 (8th Cir. 1989). Accordingly, the circumstances presented here do not justify equitable tolling. *Compare Brown*, 466 U.S. at 151 (discussing circumstances that justify equitable tolling).

## DECISION

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 12) is hereby **GRANTED** and Plaintiff's Title VII claims are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

Dated: May 20, 2015

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

4